Mack, J.
Plaintiffs, who are the owners of real estate situated at the southwest corner of Plum and Genesee streets, in the city of Cincinnati, seek an injunction against the collection of $919,00 special assessment levied against their real estate for the improvement of Plum street. A temporary injunction was granted and the cause has been heard upon the petition, answer and evidence.
It is alleged in the petition and established by the proof that the council of city of Cincinnati, on April 12, 1928, passed a resolution declaring it necessary to improve Plum street from Court street to Genesee street (along which the property in question is situated), the roadway of Plum street to be widened to forty-six feet, taking three feet from each sidewalk, and assessing 67% of the cost of such improvement, exclusive of the cost of intersections, on the lots abutting on said improvement. Notice required by law to be served on plaintiffs as such owners of such real estate was duly served. • Thereafter, on September 5, 1928, said coun *26 cil passed an ordinance, in which it was determined to proceed with such an improvement, and directed the city manager to let the necessary contracts to make the improvement in accordance with the terms of said resolution. Thereafter, during the year 1929 the repaving of Plum street was completed, but the roadway was not, widened and said re-paving was done between the former curb lines of the street without widening the street as contemplated in the resolution of intention to improve and the subsequent ordinance to proceed with the improvement.
In the contract for said improvement the original intention to re-pave and widen Plum street to forty-six,feet by taking three feet from each sidewalk was recited, but by an addendum or rider, it was stated that the roadway was to remain at forty feet width and not be widened.
After the completion of the work council passed an assessing ordinance on December 11, 1929, reciting that a total cost estimate was submitted to council setting forth the cost and expenses of improving “Plum street from Court street to Genesee street,” and levying assessments totaling $919.00 against the plaintiffs for their property abutting Plum street between Court street and Genesee street. In the answer of defendants it is expressly alleged that “all of the work done and improvements were made in accordance with the resolutions and ordinances of the city of Cincinnati.”
Determination of the matter submitted to’the court therefore depends upon the question whether, in a case where both the resolution of intention to improve and the ordinance determining that the improvement shall be proceeded with having reference to the re-paving of an existing street by widening the same six feet, and where no new resolution or ordinance was passed to leave the roadway at its existing width, instead of widening the same, an improvement made by leaving the roadway at its existing width and not widening the same is made in accordance with the original resolution and ordinance, and whether a valid assessment against abutting property can be levied in such case?
If one bears in mind fundamental principles of law, there should be no difficulty, in the opinion of the court, in an *27 swering the propounded question. Proceedings to levy an assessment for an improvement constitute the exercise of legislative powers and a special assesment or tax against the abutting property owner should be founded upon proper and valid exercise of such high power of taxation.
Under the Constitution of Ohio the General Assembly can enact valid laws only when passed in the manner and under the restrictions prescribed in the Constitution, and likewise, it would seem a simple proposition of law that council of a municipality can only exercise legislative functions in the manner and under the restrictions prescribed by law.
There are express provisions in the General Code of Ohio specifically prescribing the method of initiating and passing the necessary legislation for the purpose of levying a special assessment against the owners of property for the improvement of streets, etc. Sections 3814 and 3815, General Code provide how a resolution of necessity must be passed and published. Section 3818, General Code, prescribes how notice of such resolution should be served. Section 3825, General Code, prescribes how the ordinance to proceed with the improvement shall be passed. In said provisions the general nature of the improvement must in each instance be stated.
It is laid down in numerous decisions and stated in text books and digests as an established proposition of law that if an improvement involves the levying of special assessments or taxes against property assumed to be benefited, strict adherence to all mandatory and jurisdictional provisions are rigidly enforced by the courts, and properly so. Also, that requirements are regarded as conditions precedent to final action touching the improvement, since they are jurisdictional in their nature and non-compliance with them will preclude the municipal authorities from proceeding. Also, that resolutions to improve, prescribing notices and hearings, and ordinances determining that the improvement shall be made are mandatory and jurisdictional requirements.
McQuillin on Municipal Corporations, Section 1994, and cases cited; Ibidem, Section 2264, Vol. 5, at page 808; 44 Corpus Juris, page 597, and cases cited.
*28 As early as 1876 the Superior Court of Cincinnati in General Term in the case of Great Western Stock Co. v. City of Cincinnati, 7 Decisions, Reprint, 47, at page 48, said, per O’Connor, J.:
“The question not being whether the assessment is too much or too little, but whether the common council, as to the work done, has taken the necessary steps to acquire jurisdiction to make any assessments whatever.”
It would seem unnecessary to add any more reasons why in the instant case, the necessary mandatory and jurisdictional requirements not being complied with, the assessment in question is invalid and a permanent injunction against the collection of the same should be issued. However, it may not be inopportune to add the following observations.
While Section 3911, General Code prescribes that proceedings with respect to improvements shall be liberally construed by the courts to secure a speedy completion of the work at reasonable cost and a speedy collection of the assessment after the time has elapsed for its payment, and merely formal objections shall be disregarded, nevertheless, as stated by Donahue, J., in delivering the opinion of the Supreme Court in Kasch v. City of Akron, 100 O. S., 229, at 240: “but it is not the purpose or intent of Section 3911, General Code, to make valid an assessment which is void because it is levied without necessary authority of law.”
As all decisions of courts should be founded on justice unless there are specific laws or constitutional provisions expressly governing the matter, it seems to the court that if we view the instant case from the standpoint of justice, the decision hereinbefore indicated is well founded.
While it is true that plaintiffs under the assessment levied against their property are not required to pay as much as they would be required to pay if the roadway of Plum street had been widened to forty-six feet, nevertheless, the following must be borne in mind: with their property situated on a forty foot street, in these days of heavy traffic, plaintiffs doubtless were content to pay their share of the extra expense of widening Plum street to forty-six *29 feet, because their property would then be situated on a street the width of which would necessarily enhance the value of their abutting real estate. Doubtless that is why the record shows their silence in offering any objections after the passage of the original resolution of intention to improve and the service of the same upon them. Had the original notice contemplated an improvement of the roadway by leaving its width as it then existed, plaintiffs would under the law have had the right to object and present such arguments as they deemed proper to persuade council not to re-pave Plum street at. its then existing width. It seems to the court that such considerations strongly appeal in favor of the justice of the conclusion that the temporary injunction herein should be made permanent.
A decree in accordance with the foregoing will accordingly be entered.